Okay. Good morning. Good morning. Good morning. Good morning. All right. Our second case is number 20 dash 12904 and McLaurin at all versus the Terminix International Company. Miss Cox will start with you. Yes. Thank you, Judge. Thank you judges. You're good morning. If a party receives a flawed arbitration award, the Federal Arbitration Act sets out in Section 12 exactly what that party must do to challenge the flawed award. Section 12 has been on the books for 74 years and it is very plain and very strict. Section 12 says that a party must serve a notice of a motion to vacate within three months of the award. Underlying in this case, both the district court and the plaintiffs called that Section 12 a statute of limitations essentially for filing a motion to vacate and other district courts have said the same thing. We agree. Here Terminix met the statute of limitations for filing its motion to vacate Terminix timely filed a motion to vacate in compliance with Congress's mandate under Section 12. There is zero dispute about that in this case. Terminix did everything that the statute told us to do to move to vacate or modify a flawed award. So why are we here? I think part of well, let me ask the question this way. Why didn't you just ask the district court for more time to respond to the motion to confirm? We had three good reasons for that. I'm glad you asked that. I'll jump right to them, Judge. Reason number one, a Section 9 motion to confirm is an entirely different animal than a Section 12 motion to vacate. And in fact, courts, including the 11th Circuit, have said that a Section 9 motion to confirm is not the time for a party to come forward and seek affirmative relief. But the grounds on which you oppose a confirmation oftentimes either completely overlap or parallel the grounds on which you move to vacate. And there are a number of courts out there that have said that if you don't raise your arguments when there's a motion to confirm, you lose them. So why couldn't you have raised the same arguments you raised in your motion to vacate in a response to the motion to confirm? Well, a few reasons for that, Judge. Number one, the courts that have addressed this issue have not found waiver. What they have found instead is that courts may rule on a motion to confirm earlier than a motion to vacate statute of limitations. But very importantly here, there are actually cases that say even if you come forward with all of your arguments in response to a motion to confirm, the Careminders case out of the 11th Circuit is one to look at from 2016. And if you come forward in response to a motion to confirm with all those arguments, that is still insufficient to achieve vacator. You still must file a motion to vacate within the three months allotted by the statute. It's very plain and very direct. Another really good reason that we didn't come forward is that the court's order simply did not tell us or suggest or say in any way that we were required to do that. It is a three and a half line. No court order. I mean, all the three of us here have been on the district court bench. Most orders that give you scheduling deadlines don't tell you affirmatively to move for continuances. People know that they can move for more time if they need it. Yes, sir. And we responded to the Section 9 motion to confirm in accordance with the order by saying we object to the confirmation and we intend to timely file a Section 12 motion to vacate. I have a question about that because I think that's really an important point. But I read your opposition to the motion to confirm and it's four pages. And literally the only thing of relevance that it says is it says, Judge, you are prohibited from ruling on this motion to confirm until three months has passed and we have the opportunity to file our motion to vacate. Now, I looked at the statute. I don't see anything that would prohibit a court from ruling on a motion to confirm until three months has passed. And so I'm looking at the what is the basis? How could we possibly say that the district court was wrong to grant the motion to confirm in light of that argument? Sorry, go ahead. Explain that to me. No, go ahead. Yes, absolutely. So as the cases that I'm sure you all have read or will be reading, when they have found that they can rule on a motion to confirm before that three months has run, those are situations where they do not have a motion to vacate timely also pending before them. This case is unique from every case. And I don't really care about the cases. I think this is an issue of first impression. I guess my point is I look at the statute and I don't see anywhere in the statute that supports the argument that you made in opposition to the confirmation. And so my point is, had you actually said something in opposition to the confirmation that was not that, then there might be something there. But can you explain to me how the argument that you made in opposition to the confirmation was correct? Yes, sir. Absolutely. Section 9 that governs motions to confirm says that a motion shall be confirmed unless there has been vacator. And how can a party get vacator in a case? There's only one way. They file a Section 12 motion to vacate. And the statute of limitations for that is three months. Plain and clear. That's what Congress decided. That is Congress's mandate. And just as statutes of limitations should not be able to be extended, we argue that they also should not be able to be shortened simply by a plaintiff filing an early motion to confirm. There are cases out there that I'm sure you all have seen. I just want to make clear. I mean, your position and there's an automatic stay of three months after an arbitration award. No, I wouldn't. I wouldn't necessarily argue that. I don't think we have to go there necessarily in this case. Then what is your position about the stay? What is required for there to be a stay of three months after an arbitration award? In this situation where we provided notice in response to the complaint for confirmation, in response to the motion to confirm, in our filings for the party's scheduling order, and in Sir reply to the motion to confirm where we laid out in every single way that we had registered our objections and intended to move to vacate. We believe that that preserved our right and should have given us the time to file a timely motion to vacate. And we, in fact, did file a timely motion to vacate. And the court had. Yes, sir. So to to put a wrinkle on what Judge Brasher just asked you about. Although there may not be an automatic stay in all cases for three months, a party like Terminix has it in its power to obtain a stay of three months by waiting until the 89th day to file a motion to vacate. Well, that's what Congress mandated that we have three months to file a motion to vacate, and that time is is necessary. This is a short statute of limitations. We're not talking. What do you do? What do you do with the cases that say that you can raise the same arguments in opposition to a motion to confirm that you can raise on a motion to vacate? I say that I would have been very concerned about that trap if we had done it here, because in the careminders case, it said that is not enough, that you must file an affirmative motion to vacate within the time allotted and comply with that very strict statute. But you could have done both here, but nothing. Nothing prevented you from saying here are the reasons why you can't confirm. And then I mean, if you had done that, I think you'd be in a much stronger position because you would have complied with the district court's order. You would have timely filed a motion to vacate. And the two were the motion and the response would have run together in terms of the merits. But you didn't do you didn't do that. And that just doesn't seem appropriate to me. Yes, sir. If we had had any indication from the court's order that they expected us to come forward with all section 12 vacator grounds in response to a whole separate animal, a section nine motion to vacate, we would have asked for more time. We had zero indication from this simple order that the court was going to follow plaintiff's argument to conflate those two separate sections. You knew from the plaintiff's response at some point during all this, they very vehemently disagreed with your position. Again, I don't think this is so complicated about arbitration statutes. It's just very simple. A court tells you to do something by deadline. You write back. No, I'll do it some other time. And all you have to do. I agree with you. I think that they asked him to confirm the award very quickly. And I think the 14 day window by your local rules and the boilerplate order would have been pretty short. And if the court had insisted on that, maybe we'd be looking at something different where we would say maybe you didn't have your due process, right? You didn't have a good chance. But you ask what you do is you ask the court judge. I'd like 90 days. And as the Middle District of Florida case, Judge Conway said, I'm not going to give you 90. I'll give you 60. But you have to alert the judge. I need some more time. And you never did that. You assume that this novel question that you have a statute of limitations that was in your head. It was not in the district court's head. How is the district court to know that all you had to do was ask for more time? You didn't do that. With all due respect, I think what we were trying to do is because the court only entered an order on the motion, section nine motion to confirm. We didn't believe we needed to ask for extra time for our section 12 motion to vacate, which has a very strict statute. And to answer Judge Jordan's question about why didn't we just come forward with our grounds? This is a very robust, heavily supportive, meritorious motion to vacate that we have filed where we allege, among other things, arbitrator bias. Something that we do not take lightly and do not argue lightly. I was there at the arbitration. I lived through it. It was very important for us to raise these meritorious grounds and to do it in a well-vetted way. And we would have asked for more time if we had had any indication that the judge intended for us to respond to a motion, a section nine motion to confirm with a section 12 motion to vacate. But they just simply are not the same thing. And in fact, that is why there's this unless clause in section nine. It shall be confirmed unless it has been vacated. And then the statute tells us not. I didn't think we needed to ask for more time because Congress has mandated that we get three months to file that motion to vacate. It's very clear. And there's very little case law on this just because of that. And so we can ask you to if I may just take your time a little bit and ask you to address a part of the statute that is bothering me with respect to your argument. So if you look at section 12, the last sentence of section 12 says this section 12 is the one about filing the motion to vacate. It says for the purposes of a motion, the motion to vacate any judge who might make an order to state the proceedings in an action brought in the same court may make an order to be served with the notice of the motion. Staying the proceedings of the adverse party to enforce the award. I read that sentence to say that when you file your motion to vacate, you can file a motion with the judge to stay the proceedings to enforce the award. Am I reading that sentence right? Yes, I believe so. It says that you may ask for a stay of the enforcement proceedings. OK. And so if that's the right procedure, then it seems to suggest that unless you get a stay of the enforcement proceedings and they can go forward. We don't read it that way, Your Honor. We read it as being meant as being permissive language because these proceedings don't even have to happen in the same court. Exactly. A section nine proceeding can be going on in a different court. And so we believe that that's why the language there is permissive. We also had no indication from the court that it intended to shorten our statute of limitations for filing a motion to vacate from three months down to only six weeks. And had we had that indication at all, had we believe that that's what the court intended to do at all, had the order said that, we certainly would have asked for more time and asked for a stay. But instead, what happened is the court had two timely pending motions before it, a timely motion to confirm and a timely motion to vacate. And there is not a case in 74 years that we found that where a court has both timely motions pending before it, that it strikes all grounds for vacating. But there are no cases going either way, right? You say there are no cases against you, but there are also no cases for you with this identical procedural scenario, right? That's right. It is an unusual scenario. And the case, of course, has been one that has been cited. It was the Florida District Court case. And if you'll notice, Wubbin is a district court case, and it recognizes the scant authority that's out there on this. And Wubbin actually cites to another district court case that quotes and cites the Paley case. And in the Paley case, that's out of the Southern District of New York, they essentially say that by simply registering your objections, you've preserved your right to timely file a motion to vacate. So even Wubbin, which is a middle district of Florida case, it recognizes that other districts have done different things and found that by registering your objection, which is what Terminex did here, at every turn explaining that we object on FAA grounds and we intend to timely file a motion to vacate. Yeah, but I just, you know, gosh, I wish you would have actually done that because when I look at your four-page opposition, all it says to the judge is you can't rule on this yet. It doesn't register any objection at all. It just says you can't rule on this yet. Well, I would urge you, Judge Brasher, to also take a look at our answer to the plaintiff's motion to confirm, which we entitled an answer and a notice of intention to file motion to vacate. And specifically said that we intended to move to vacate on the grounds allowed under the FAA. And we did not go into detail because, again, as explained, we really needed to have it fully vetted. And in addition, we also… Doesn't that argument ring a bit hollow given your explanation in the brief that you had undergone about 10 arbitrations with the same arbitrator and had sort of received biased rulings in a lot of them? This was not something new to Terminex. Maybe not new to Terminex, but new to our firm. And three months is not a long period of time, Judge. We worked from the time we got this award until the time we filed our motion to vacate to make sure that we had it right, including pulling sections of other awards where this judge had cut and pasted, including briefing the issue of the judge giving a $500,000 attorney fee award not to the plaintiff but as a tip directly to Mr. Campbell. This was a detailed and serious issue that we felt needed to be fully briefed. And where we know that plaintiff's counsel, as you all have seen in the filings here, is certainly more than willing to move for sanctions at any opportunity. Can you imagine if we had come forward in response to the motion to confirm without a fully vetted record and brief? And, again, had we had any indication from the court that they intended to make us respond to a Section 9 motion with our Section 12 motion six weeks early, we would have asked for that more time. But there was zero indication from the court that that's what they intended. And let me ask you, you're saying that you, in fact, got one of these awards from the same arbitrator vacated. Is that accurate? That's what you said? This exact judge, Judge Beaverstock, in the Southern District of Alabama, just a few months after this went up, he did modify and vacate an arbitrator award, not this arbitrator, but an arbitrator award against Terminex and for the plaintiff's counsel's firm. And so we know that this judge, had he looked at the merits, would have been at least willing to consider that. That's remarkable to have it vacated. But, again, it just points out to us just it's too bad that there just wasn't a motion filed saying give me a little more time, Judge, that it was too bad that didn't happen. And, Judge Carnes, we really viewed our saying we're intending to file a motion to vacate within the statutory time period as letting the court know that we needed that time. And even when there was further briefing on the issue, so after we responded to the motion to confirm, that's the first time that plaintiff's counsel came forward and said, aha, you've waived your arguments and came up with this unprecedented argument. And then we responded, we filed us a reply. And we said, here is how we view the statute. We distinguished every case that they cited. And we said, court, if you want us to come forward before our statutory timeframe, we will do it. Just tell us. We will gladly be doing it if you're interpreting this the same way that they are. And the court was silent. The court did not respond to that. And so we timely filed our motion to vacate a couple of weeks later. Okay, Miss Cox, thank you very much. You've saved your time for rebuttal. Mr. Campbell. Yes, may I please the court. I'm Tom Campbell representing and McLaurin and representing Miss Lynn Fitzpatrick. It is now been four years since my client had to move out of this house. They are two older spinsters, retired educators, developed an interest in birdwatching in their retirement, met each other through that, decided to buy a house on Dolphin Island, which apparently is the Mecca of bird migration in the United States. As a result of the fraud that was found by the arbitrator, and the delays of 21 months in court. These two ladies have not been able to spend their golden years, pursuing their passion, six months a year on Dolphin Island. Mr. Campbell, I thought the same thing myself, which it's interesting to me. If you had just if this thing had just played out, okay, they should have asked the judge for a stay a little more time. They file their motion within three months. If we weren't dealing with all this side issue you would have had an answer by now I wondering why it wasn't your benefit not to go on the unopposed business but just just go ahead and litigate the merits of the of the motion to vacate your clients would have had an answer well before now. Well, that that's up to terminix, you know, as we say, as I say in my affidavit they haven't announced the intent and they have followed through with it to tie up every million dollar plus arbitration award in court litigation for as long as they can. My question to you, you started your presentation with essentially a jury argument so I'm responding and my response is, we could be done now if you just let this thing go to the merits instead of in litigating whether or not this this grant of your motion based on essentially it being unopposed was a meritorious grant. Well, what we did in the trial court was to point out, I think, is we should have that the court should have done exactly what they did. We filed a petition to confirm the arbitration award their first obligation to respond to that with the grounds under section 10 or 11 was not in response to the court's order. It was as an affirmative defense and the answer they filed 20 days after the petition was filed. We gave him a second bite at the apple by essentially refiling the petition as a motion. We did that basically to alert the court, the new district court judge and the clerk's office that FAA motions are supposed to be dealt with as a motion and not as a lawsuit in the court system. But it should have been over as soon as Terminix did not raise those grounds in response to the petition and then in response to the judge's order to give those grounds by September 25th. And that's when the case should have been open in the court and the case should be decided on that basis that they never filed a timely petition. There's a zero chance we're going to lose that. I think there's almost a zero chance that we're going to lose it. The objection were ruled on the merits, but there is some chance that we could lose that on the merits. So the clearest way for our clients to win and receive all their money is was to challenge the fact that any challenge to the was to identify that any challenge to the award was untimely. No, go ahead. I was going to ask you to address something, please, sir. So I think your read of the motion to confirm is is I tend to think that that's correct, that this was basically they just didn't even oppose your motion to confirm. But before the court ruled on your motion to confirm they had already filed their motion to vacate the award. Answer this for me, I guess. Why why should the court have just struck their motion to vacate the award instead of ruling on that? Why? That's what I don't I don't get because if the court had already confirmed the award before they filed their motion to vacate, I think we'd be in a different spot. But there was no confirmation of the award when they moved to vacate. So why couldn't they get a ruling on that instead of having it struck? Well, that decision was one made by Judge Beaverstock in his sound discretion, and I'm not sure it was on your it was on your motion. You're trying to make it seem as though Judge Beaverstock came up with this on his own, but you're the one who moved to strike. Right. And a reason that we decided to strike it was because we were entitled to file a motion to strike and win on that basis. Rather than let me ask you this question, Mr. Campbell. This is it's a little curious to me. This is really not arbitration. This is just when can a judge grant a motion as being unopposed? This is what this case is sort of. And so they don't oppose the motion. We have a motion to strike here that seems to be on its face perfectly fine. It's filed within the three months. You moved to strike that motion six weeks later. The local rules of the Southern District of Alabama require the same 14 day motion. You should have moved that within 14 days. You didn't sort of the goose gander rule. Why is it that they're that your motion to confirm, which was not opposed, the judge holds them to that timeline. But your motion to strike their motion to vacate, which you were much later. Suddenly the timeline rules disappeared. Does that not seem a little unfair to you? Well, I can tell you why I did that. I am a lapse management side labor lawyer. I've been doing arbitration cases since 1988 when I got out of law school. And my expectation was that when they did not file something in response to that motion, Judge Beaverstock would just confirm the arbitration award because they never filed anything in response to it. And I was giving this new judge time to figure that out and file it. And so we waited a period of time. Six weeks went by. He hadn't granted that relief. So we filed the motion. They have their reasons for being like you have your reasons. You were both late on to the two dispositive motions, except you were a lot later than they were. Why are they punished and you're not? Well, that was they first of all that they never raised the untimeliness of our motion and judge never raised the untimeliness of the motion. Nobody ever complained about that. Did you ever did you ever respond to their on the merits to their motion to vacate. We did. We did. No, no, we didn't. We did not respond to their motion. Why shouldn't that be treated. Why shouldn't that be treated as unopposed to. And then that leaves the parties at Equipoise. Well, that motion was they didn't respond to your motion to confirm properly. And you didn't respond to their motion to vacate properly, but their motion to vacate can be seen as a response to your motion to confirm and your motion to confirm essentially can be seen as what would have been the opposition to the motion to vacate. Why not do everything on the merits. Well, our response to their motion to vacate. I would argue was essentially on the merits because we're moving to strike it we're telling the court to address it because you did that late. You did not timely respond to their motion to vacate correct. Well, the motion to vacate we believe to be a nullity because you did not issue before that you did not timely respond to their motion to vacate, either with a substantive response, a motion for extension of time, or a motion to strike as Well, I think the local rules would apply to a motion that a party can file during the period as the magistrate judge pointed out, and the exchange of information on the rule 26 planning meeting. The only issue that was before the court at that point properly before the court at that point in time was before the court and it was under submission. There wasn't anything else supposed to be going on in the case. Well, you know, you know, Mr. Campbell, if you if you are asking that the rules be strictly applied right in a way that favors you, you better make sure that you comply with the rules yourself. That's only my perspective. I don't mean to speak for my colleagues. Let me ask you one more question about the motion to strike. Whatever effect, their failure to file a substantive response to your motion to confirm might have had what was procedurally improper about their filing a motion to vacate within the three month period that required it to be stricken. It was procedurally improper because number one, it should have been raised as an affirmative defense, and their answer to the petition that we filed under the rules of civil procedure. There are two statutes that apply to this proceeding right here, the Federal Arbitration Act and the Rules Enabling Act of 1934, which gives the courts, the power from Congress to manage the procedures that they're going to use and have a unitary set of rules. So those rules required them to raise this affirmative defense to confirmation in their answer, which they did not do. We then filed a motion because unfortunately, a lot of times we do a lot of arbitration cases and a lot of the clerk's offices do not recognize these motions, these petitions to confirm on their own as something that is supposed to be put down as a motion. They put it down on the lawsuit track in terms of the paperwork and the workflow goes. So the second thing that they should have done is when we filed our motion to confirm the award, they should have complied with the judge's order and raised the defense at that time so that the court could manage his docket the way the judge wanted to manage his docket. Let me ask you this. Let me ask this. So Miss Cox made a point that I want you to address. Her point, I think, well, I'll say I read it to be her point, which is that the motion to confirm and the motion to vacate could have been filed in just separate courts. You could have had different judges addressing these things. What would have been inappropriate? I mean, let's assume that it happened. Let's assume your motion to confirm goes to Judge Beaverstock in the Southern District. And for some reason, it would be proper for Terminex to have filed a motion to vacate the award in the Northern District of Alabama. And that would go to, I don't know, Judge Kugler or something. Would the judge that received the motion to vacate be under some obligation to deny it or reject it on the basis of what was going on in the other proceeding about the motion to confirm? Well, I'm going to give you an unusual answer from a lawyer. I don't know. I haven't given that enough thought to think about it. I would think, as a practical matter, that the court would look at what happened in the other proceeding. And if the judge saw that they had missed their deadline, the reason that they were filing elsewhere was that they had missed their deadline and had not followed the instruction of the court, that they would probably say that the petition is untimely for that reason and stay its consideration until Judge Beaverstock finished his work. That's what I would do if I were Judge No. 2. I would try to help Judge No. 1 discipline. I think you're probably right that that would be a discretionary call for Judge No. 2 to figure out what to do. But it would ultimately, I think, be sort of a race to judgment, right? Either one could rule on it, right? I think under the statute that either one of them could rule on it. But I think in their discretion, they probably wouldn't. I think that's probably the right answer. But if that's right then, if that's the way this would work if there were two different judges involved, then why was it improper for them to file their motion to vacate just because it happened to be in front of the same judge? Why can't they get a ruling on that? The reason, and this gets back to arbitration generally, the reason they shouldn't be allowed to do that is because as the United States Supreme Court has been telling parties for generations, arbitration is not litigation. This is supposed to be a quick and speedy process. Y'all have ruled in the 11th Circuit. You don't even have due process rights in arbitration. Parties that enter into a private rather than a judicial forum do so at their own peril. It is an alternative to the court system. And under the FAA, this proceeding of filing these motions is not a new proceeding. It's a continuation of the arbitration proceeding, which is why they put in the act that you don't have to go through the normal service process. Most of the time, you can just serve it as if it was a motion rather than getting the marshal to go serve it on somebody, because it is supposed to be quick. And getting to Judge Karn's court and essentially part of Ms. Cox's court, the court should be aware and appreciate the fact that by the time that Ms. Cox and I finished this arbitration hearing and the time that the arbitrator ruled was eight months. The record had been fully developed, indexed, provided to the arbitrator, the transcript done for months. We did extensive post-trial briefing. And these grounds that are allowed for vacature that are very narrow as a practical matter, you know whether you've got those grounds during the arbitration hearing or the second you read the arbitrator's order. You know, for example, whether or not the arbitrator came to the case with bias. The fact that she was biased by the facts of fraud that she heard is not an allegation of bias that you can raise under the FAA. So the point is this process is supposed to be fast. It is not supposed to be one that the parties belabor at all. And Judge Bieberstock, once he recognized that this was a motion, did exactly what he should have done. He should have said file it in a hurry. We cited cases where, and Judge Carnes referred to it, where somebody said, oh, we've changed counsel. There's a big record. We need 90 days to respond. And the judge said, you know, no, you've got six. And he did the right thing, too, because this is supposed to happen quick. You know, you know, after you get that arbitration. It's supposed to happen quickly, but it's not a rubber stamp, which is why the loser has a right to file a motion to vacate. And while it's rarely granted, it sounds like with this particular arbitrator in this particular issue. Remarkably, the defendant has gotten an award vacated. So you're still you agree they still have some rights, do they not to to file, say their piece and file their motion to vacate? Well, I think they have a right to file a motion to vacate only if they have valid non-frivolous grounds, which they don't fear. And if they do it when the judge tells them to, I don't think what they have a right to do is what they did here, which is when Judge Beaverstock told him to respond in two weeks, they told him no. And they said, we've read the statute and we have, in essence, an automatic stay for 90 days. Then in their reply brief, in this case, they give up that argument and go to a more absurd argument, which is Judge Beaverstock's order order that was entered on September 11th, didn't tell him that they needed to file a motion to vacate. When it described the entire universe of things that you could do to oppose confirming the arbitration award filing, quote, any opposition. They said that despite a combined total of 60 years of formal education on the side of the Terminix legal team, that they didn't understand that that universe of everything included filing the only thing. That you can file to vacate an arbitration award, which is a motion under Section 10 or 11 of the act. OK, Mr. Campbell, we've taken you beyond your time, but thank you very much. Thank you very much. Miss Cox, you've got your rebuttal time left. Thank you. Plaintiff's counsel tries to persuade you to do what he tried to persuade the district court to do, which is to conflate these two statutes and treat a motion to vacate under Section 12 as an answer and compulsory counterclaim. His arguments about us having to come forward in our answer and raise all of these grounds are a prime example of that. But Congress did not hold on. Hold on. Hold on. This never gets done. I mean, my experience was that defendants get away generally with murder in their answers because their affirmative defenses are usually very conclusory and no one moves to strike them for lack of sufficiency or anything else. But when I look at your answer, your answer contains nothing of substance as to why the arbitration award should not be confirmed. Not even like one liners like the arbitrator is biased. You know, the award exceed the exceeded the arbitrator's powers under the FAA. The award of attorneys fees to the attorney as opposed to the clients was improper. Interest cannot be added. At least one liners explaining where you think the issues are going to be. But there's nothing. So you when you take that along with your four page response to the motion to confirm the district judge has nothing from you until he gets your motion to vacate. What's he supposed to do with that? Your Honor, that is because when you look at the calling case out of the 11th Circuit, it says this motion to confirm is not the time for a defendant to come forward and seek affirmative relief. And so, yes, we could have thrown out. We could have just enumerated those statutory grounds, but it would have done nothing to preserve our rights. And so it's the same thing, essentially, for us to say we oppose confirmation on all grounds under state and federal law. And we're going to file a motion to vacate under the FAA. That was our intention to do the same thing. Whether we could have worded it by actually listing out those enumerations or simply saying what we said, that was certainly the intention. But Congress did not tie these two statutes together as though they are an answer with a compulsory counterclaim. And it could have Congress could have said the filing of a motion to vacate shortens your time. Excuse me, the filing of a motion to confirm under Section 9 shortened your time to file a motion to vacate. Congress could have done that easily enough, but it didn't. And I think that Judge Carnes and Judge Jordan, you both hit on the gotcha nature of the plaintiff's motion to strike at the underlying court. What ultimately happened is the court had pending before it a timely motion to vacate. And there are simply no cases out there that we have found. And we've looked very hard. And I'm sure my opponent has as well. But we found no cases finding a waiver where a party has timely filed a motion to vacate and supported it before confirmation of the award, which is what happened here. It's just not out there. And there's nothing if you look at the actual wording of the statute, that certainly doesn't support a finding of waiver. What it says is that if you want vacator, you have to file a motion to vacate within three months. And we absolutely did that. Could you address could you address this issue that I guess I'm maybe stuck on is let's assume this wasn't all the same judge. Let's assume you had there was a motion to confirm filed in front of Judge Beaverstock. You had responded with really a non response. But then before he had ruled on the confirmation, you had filed a motion to vacate in some other court. What's to be done? What do you think would have been the right thing to do in that circumstance? I think Judge number two should have considered our timely filed motion to vacate on the merits as Congress mandated. And I think that's that's plain and simple. If you look at the cases that talk about the interplay with these two statutes, the fluorescent case is one. Where it says sort of the normal procedure is that a party files a motion to vacate within the very short period of time that it's allowed under the statute. Only three months. And then if there's no vacator, then after that point in time, a party can move to confirm. And it's a summary proceeding. There's really no real defenses to be raised. That's typical. Now, plaintiff can file an earlier motion to confirm. I don't have to wait that three months. They can file it early, just as Mr. Campbell did. But if we're looking at a body of case law that says a party filing a later motion to confirm after the 90 days doesn't revive our rights to move to vacate, then how can a party filing an early motion to confirm, as Mr. Campbell did, limit our timing and our rights to file a motion to vacate? Three months is three months. And Congress decided on that much. It's a much more time limited event than the motion to confirm. Congress decided to give that short three months to file a motion to vacate for a reason. After which time, if there's no vacator and there's a motion to confirm, the court may go ahead. Well, what what happens to go back to Judge Brasher's to judge scenario? What happens if the motion to confirm or the proceeding to confirm is filed on day two after the arbitration award? The district court judge in case number one says, OK, you have, you know, 30 days, 60 days to file a response. And then you file your response and then wait until the 89th day to file a motion to confirm to vacate with Judge number two. Can Judge number one rule? I think there are certainly cases where Judge number one has ruled. I don't think the circuit courts have addressed whether that's proper or not under the current case law. So that's one of the decisions you all will have to think about here. But we would argue that particularly where a party has registered its objection and said that it intends to move to vacate, that it would not be appropriate to go ahead and rule. But if they do rule, we think we still would have our rights intact to move to vacate with Judge number two. The statute is very plain, which is why there's so few cases out there on it. And the intent really is to make you come forward with your grounds quickly in three months, not a year, not three years, but only three months. And here we did that. Mr. So, I mean, I just I mean, like I said, I may be stuck on this. It may not be relevant to everybody else. But so your position would be in front of Judge number one. He could he or she could go ahead and say confirm arbitration confirmed. And then Judge number two still has to deal with the issue of whether to vacate the arbitration award. Well, we think that had we responded as we had to judge number one here by saying we intend to file a motion to vacate, we object to confirmation. We have a problem with this award. And I don't necessarily think that it would have been appropriate for him to rule. But if he did rule that, I do think we would still have that statutory time frame intact. I don't know that any court. It's not clear. But then you're barred by principles, principles of preclusion, right? Yeah, I mean, I think I think there could be an argument there. That would be a really unique and interesting issue that I just haven't seen case law that goes directly to. But what I can say is that where there are courts that have pending before them two timely motions, a motion to confirm and a motion to vacate, there is no basis in the statute or in the case law for finding waiver of all vacator arguments under those circumstances. It is simply not an answer and counterclaim scenario. If Congress had wanted that to be the result, it certainly could have written that to the statute. But it elected not to. Courts have not interpreted it otherwise. All right, Miss Cox. Thank you very much, Mr. Campbell. Thank you very much. Thank you for your time.